UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID JORDAN, | : | |
| Petitioner, | : | Civil Action No. 17-1332 (MAS) |
| v. | : | **MEMORANDUM AND ORDER** |
| ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, | : | |
| Respondent. | : | |

Pro se Petitioner David Jordan, a prisoner confined at the New Jersey State Prison in Trenton, New Jersey, files the instant self-titled "Leave to File Motion for Notification for Habeas Corpus as Within Time, 28 U.S.C. § 2254." The Court construes the filing as an attempt by Petitioner to file a § 2254 habeas petition. As this is not a formal habeas petition, however, Petitioner provides not a single detail of the state judgment he seeks to challenge—indeed, Petitioner does not even specify what crime he was convicted of. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for § 2254 petitions, *i.e.*, AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014), which include a declaration that the Petition contains all the grounds for relief that Petitioner is raising, and that he understands the failure to set forth all grounds may bar him from presenting additional grounds at a later date. Plaintiff also neither prepaid the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor submitted a complete application to proceed in forma pauperis, as required under L.Civ.R. 81.2(b).

**IT IS** therefore on this 3rd day of March, 2017,

**ORDERED** that the Clerk shall **ADMINISTRATIVELY TERMINATE** this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs[.]");

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus – AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014);

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form and the appropriate filing fee; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum and Order upon Petitioner by regular mail.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE